IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CRESTON GUY DOWNING, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 02-0220-S-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **and ORDER** |
| JEFF CONWAY, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Petitioner and Respondent in this habeas corpus matter have filed summary

judgment motions, which are currently pending before the Court.  (Docket Nos. 47 & 48.)

The parties have consented to proceeding before a United States Magistrate Judge, in

accordance with 28 U.S.C. § 636(c), and the Court has determined that these matters will

be decided without oral argument.  *See* D. Idaho L. Civ. R. 7.1(d).  Accordingly, the

Court enters the following order granting Respondent's motion and denying the

remaining habeas claims.

**MEMORANDUM DECISION & ORDER - 1**

# I.

## BACKGROUND

In 1993, Petitioner Creston Downing's daughter, E.D., reported to the authorities that Petitioner had sexually abused her during a camping trip in late 1991, when she was twelve years old.  Before Petitioner was charged with any offense, he sought the assistance of an attorney, Bert Osborn.  Petitioner told Osborn that he had not sexually abused his daughter, though he admitted that he had inserted a gloved finger into E.D.'s vagina, at her request, to "see if she was a virgin."  *State's Lodging F-7*, p. 4.  Petitioner claimed that this activity was clinical in nature and that it was devoid of a sexual intent. After speaking with Osborn about the incident, Petitioner voluntarily went the Gem County Sheriff's Office and made a similar statement to Detective Frank Chaney.  The State subsequently charged him with one count of lewd conduct with a minor.  *State's Lodging F-7*, pp. 4-5.

At trial, E.D. testified that in addition to manual-genital contact, Petitioner had sexual intercourse with her near the end of the three or four-day camping trip.  *State's Lodging A-3*, pp. 111-128.  Petitioner testified similarly to his pre-trial statement; he claimed that he had clinically examined E.D., at her request, but denied having intercourse with her or otherwise touching her in a sexual way.  *State's Lodging A-4*, pp. 397-98.  Petitioner also presented witnesses who testified that E.D. fabricated stories and that she had a tendency to be untruthful.  *State's Lodging A-4*, pp. 259-60, 281-82, 295, 337.

**MEMORANDUM DECISION & ORDER - 2**

On March 16, 1994, the jury found Petitioner guilty as charged.  The state district court later sentenced him to a unified term of fifteen years, with six years fixed.  *State's Lodging A-5*, p. 534.  In 2000, after the parties stipulated to a resentencing hearing, the district court again sentenced him to the same term.  *State's Lodging E-4*, p. 112.  In all other respects, Petitioner's post-conviction proceedings in state court have been unsuccessful.

On May 9, 2002, Petitioner filed a timely federal Petition for Writ of Habeas Corpus.  After a brief journey back to state court in an attempt to exhaust additional claims, Petitioner was permitted to file a Second Amended Petition in which he raised dozens of claims.  (Docket No. 36.)  The Court subsequently dismissed, as procedurally defaulted, all but the same three claims of ineffective assistance counsel that Petitioner had raised in the Idaho Supreme Court during an appeal from the denial of his post-conviction petition in 2001.  (Docket No. 43.)  These claims are as follows: (1) Petitioner contends that his trial counsel was constitutionally ineffective for advising him to meet with Detective Chaney and then refusing to be present for the interview; (2) Petitioner alleges that his trial counsel was constitutionally ineffective for failing to secure experts to review the evidence and to challenge the State's claim that sexual intercourse occurred; and (3) Petitioner contends that his trial counsel was constitutionally ineffective for not requesting an instruction that would have required the jury to differentiate between manual-genital touching and sexual intercourse.  (Docket No. 43, p. 4.)

Respondent has now filed an Answer, requesting that the Court deny the relief on

**MEMORANDUM DECISION & ORDER - 3**

the remaining claims, and a Motion for Summary Judgment.  (Docket Nos. 44 & 48.)

Petitioner has filed his own Motion for Summary Judgment and a response to

Respondent's Motion.  (Docket Nos. 47, 51, & 52.)  These matters are now ripe, and the

Court is prepared to issue its decision.

**II.**

**STANDARD OF LAW**

A.      <u>Habeas Standards</u>

The Federal Rules of Civil Procedure apply to habeas corpus actions except where

application of the rules would be inconsistent with established habeas practice and

procedure.  Rule 11 of the Rules Governing Section 2254 Cases.  Under the Federal Rules

of Civil Procedure, summary judgment is appropriate where there is no genuine issue as

to any material fact and the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).  In general, the standards governing summary judgment are not

inconsistent with established habeas practice and procedure.  *See Blackledge v. Allison*,

431 U.S. 63, 80-81 (1977).  However, these standards must be applied in light of the

substantive law governing habeas proceedings.

The Second Amended Petition in this case is subject to the provisions of the Anti-

terrorism and Effective Death Penalty Act (AEDPA), which was enacted in 1996.  The

AEDPA established a deferential standard of review that a federal habeas court must

apply to a state court's resolution of constitutional claims.  Under the AEDPA, a federal

court may grant habeas relief only if the state court's adjudication on the merits:

**MEMORANDUM DECISION & ORDER - 4**

1.      resulted in a decision that was contrary to, or involved an unreasonable
        application of, clearly established Federal law, as determined by the
        Supreme Court of the United States; or

2.      resulted in a decision that was based on an unreasonable determination of
        the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" federal law when the state court applied a

rule of law different from the governing law set forth in United States Supreme Court

precedent, or when it confronted a set of facts that are materially indistinguishable from a

Supreme Court decision and nevertheless arrived at a different result.  *Williams v. Taylor*,

529 U.S. 362, 412-13 (2000).

A state court's decision is an "unreasonable application" of federal law when the

court was unreasonable in applying the governing legal principle to the facts of the case.

*Id*. at 413.  A federal court cannot grant habeas relief simply because it concludes in its

independent judgment that the state court's decision was incorrect; instead, the decision

must be "objectively unreasonable."  *Bell v. Cone*, 535 U.S. 685, 694 (2002).  Though the

source of clearly established federal law must come from the holdings of the United

States Supreme Court, circuit law may be persuasive authority for determining whether a

state court decision is an unreasonable application of Supreme Court precedent.  *Duhaime

v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

    B.    Clearly Established Federal Law

A criminal defendant has a right to the assistance of counsel under the Sixth

**MEMORANDUM DECISION & ORDER - 5**

Amendment, made applicable to the states by the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335 (1963). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set out the proper test to be applied to claims alleging constitutionally inadequate representation during a criminal prosecution. To succeed on such a claim, a petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) that the petitioner was prejudiced thereby. *Id*. at 684. Prejudice under these circumstances means that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 684, 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. at 694.

## III.

## DISCUSSION

The Idaho Court of Appeals issued the state court decision in this matter that is subject to habeas review. *State's Lodging F-7*. For the reasons that follow, this Court finds that its adjudication of Petitioner's claims was neither contrary to nor an unreasonable application of clearly established federal law.[1]

(1)   Counsel's Failure to Attend the Police Interview

In this claim, Petitioner contends that his trial counsel, Bert Osborn, was

---

[1] Petitioner does not appear to allege that the state court's decision was based upon an unreasonable determination of the facts in light of the evidence presented. In any event, the Court does not find the state court's factual findings to be unreasonable based upon the record before it, and Petitioner is not entitled to relief under 28 U.S.C. § 2254(d)(2).

**MEMORANDUM DECISION & ORDER - 6**

ineffective in advising him to go to the Gem County Sheriff's Office with his statement, which included his claim that he "innocently" inserted his finger into his daughter's vagina, and in failing to accompanying him to the police interview.

After noting an issue of fact regarding whether Osborn had actually advised Petitioner to give his statement to Detective Chaney, the Idaho Court of Appeals concluded that this claim failed as a matter of law.  It first held that because Petitioner had not been charged with any crime when he consulted with Osborn and when he was interviewed by Detective Chaney, his right to counsel under the Sixth Amendment did not apply.  *State's Lodging F-7*, p. 5.  The Court of Appeals next determined that Petitioner did not have a right to counsel under the Fifth Amendment, as set out in *Miranda v. Arizona*, 384 U.S. 436 (1966), because he was not in custody during the police interview. *State's Lodging F-7*, pp. 5-6.  This Court agrees with the state court's analysis.

The United States Supreme Court has held that a criminal defendant's right to counsel under the Sixth Amendment does not attach until the initiation of formal adversary judicial proceedings, whether by way of indictment, information, arraignment or preliminary hearing.  *See Kirby v. Illinois*, 406 U.S. 682, 688 (1972) (plurality opinion); *United States v. Gouveia*, 467 U.S. 180, 187-88 (1984).  This is true even if an individual has contacted an attorney or developed an attorney-client relationship before charging.  *See Moran v. Burbine*, 475 U.S. 412 (1986) (holding that the police were not required to stop interrogating a suspect merely because they knew that his family had retained an attorney).  The purpose of the right to counsel is to assist the accused once the

**MEMORANDUM DECISION & ORDER - 7**

State's role has shifted from one of investigation to one of accusation, and the Sixth

Amendment does not "wrap a protective cloak around the attorney-client relationship."

*Id*. at 430.

In the present case, the State had not yet initiated formal adversary proceedings at

the time of Petitioner's consultation with Osborn and his subsequent interview with

Detective Chaney.  Therefore, the Sixth Amendment did not apply at either event, and

Petitioner's claim that his Osborn was constitutionally ineffective under the Sixth

Amendment must fail.  *See United States v. Alvarez*, 142 F.3d 1243, 1249-50 (10th Cir.

1998) (finding no right to effective assistance of counsel at pre-charge interview with

federal agents).

Petitioner's alternative reliance upon a Fifth Amendment right to counsel, derived

from *Miranda v. Arizona*, 384 U.S. 436 (1966), is also misplaced.  In *Miranda*, the

Supreme Court held, in part, that an individual who is being interrogated while in police

custody has the right to have an attorney present.  *Id*. at 469-70.  But this particular right

to counsel is intended solely as a safeguard against the coercion inherent in a custodial

interrogation, and "[i]t is well-established . . . that the Fifth Amendment right to counsel

under *Miranda* does not vest until a defendant is taken into custody."  *See United States

v. Hines*, 963 F.2d 255, 256 (9th Cir. 1992).  Here, it is undisputed that Petitioner

voluntarily went to the Sheriff's Office to give his statement and that he was not in

custody at that time.  Accordingly, Petitioner did not have a right to counsel under the

**MEMORANDUM DECISION & ORDER - 8**

Fifth Amendment.[2]

Petitioner has not shown that the state court's resolution of this claim was contrary to or an unreasonable application of federal law.  As a result, the claim will be denied.

(2)   Counsel's Failure to Secure Expert Assistance

In his next claim, Petitioner contends that his attorney was constitutionally ineffective in failing to seek the assistance of experts to rebut the E.D.'s allegation of sexual intercourse.  The Idaho Court of Appeals determined that because Petitioner failed to show how an expert would have assisted his defense, he had not carried his burden to establish that his counsel was ineffective.  *State's Lodging F-7*, p. 6.  This Court agrees.

Petitioner's claim centers primarily on the medical findings and conclusions that were produced during the CARES investigation.  As part of that investigation, a nurse practitioner, Margaret Henbest, conducted a physical examination of E.D.  In her subsequent report, Henbest noted that E.D. had a "redundant, thickened, fimbriated hymen [that] is normal in a Tanner Stage 5 female," but she further concluded that "[t]he marked cleft in the fossa navicularis and associated hymenal notch is consistent with blunt force trauma to these tissues and child sexual abuse."  (Docket No. 41, Report of Margaret Henbest, p.5.)  Though Henbest did not testify at trial, Petitioner's counsel

---

[2]  To the extent that Petitioner is asking this Court to find a Fifth Amendment right to counsel during non-custodial police interviews because "psychological techniques have become more sophisticated," *see Petitioner's Response*, p. 4, this Court is prevented from announcing such a new rule of constitutional procedure in a habeas proceeding.  *See Teague v. Lane*, 489 U.S. 288 (1989).

**MEMORANDUM DECISION & ORDER - 9**

requested that her entire report be admitted into evidence, and the State stipulated to this request.[3] *State's Lodging A-3*, pp. 213-24.

Petitioner first contends that his trial counsel was ineffective in not requesting a second physical examination of E.D. Petitioner, however, has never alleged that the CARES examination was deficient, or that another physical examination before trial would have produced evidence that tended to rebut an allegation of sexual intercourse. Because trial counsel had no basis to request a second examination, his failure to do so cannot be considered professionally unreasonable. *See, e.g., United States v. Quintero-Barraza*, 78 F.3d 1344, 1349 (9th Cir. 1995) (noting that counsel is "under no obligation to bring a plainly unavailing motion before the district court"). In addition, without some evidence that the result of a second examination would have been favorable to the defense, Petitioner is unable to show prejudice.

Petitioner next contends that his trial counsel was deficient in not presenting the testimony of a defense expert to explain that a hymenal notch could be caused by activities other than sexual abuse. In a similar vein, Petitioner argues that his counsel was

---

[3] The Court notes that the scope of the current habeas claim does not include an allegation that trial counsel was ineffective in his decision to seek admission of the CARES report. (Docket No. 43, pp. 3-4) (limiting claims to the three issues raised on appeal in state court). In any event, such an allegation would fail; trial counsel's handling of the report was clearly based on trial tactics, as he attempted to impeach E.D. with inconsistencies between her statements to Henbest and her trial testimony. *State's Lodging A*-3, pp. 154-59. By introducing the report itself, counsel also successfully persuaded the trial court to prohibit the State from rehabilitating E.D. with respect to her inconsistent statements. This is precisely the type of strategic decision that cannot be second-guessed. *See Strickland*, 466 U.S. at 689-91.

**MEMORANDUM DECISION & ORDER - 10**

remiss in failing to retain an expert to explain that a notched but otherwise "normal" hymen was inconsistent with E.D.'s testimony that she and Petitioner engaged in sexual intercourse.  (Docket No. 47, pp. 8-9.)

The Court finds it unnecessary to determine whether trial counsel's failure to retain an expert to review the medical findings fell below an objective standard of reasonableness because Petitioner is unable to show prejudice.  *See Strickland*, 466 U.S. at 688 (failure to satisfy one prong of the test for ineffectiveness will obviate the need to consider the other).  Specifically, Petitioner has not demonstrated that an expert was available to assist the defense in the manner that he now suggests, nor has Petitioner proffered the substance any favorable testimony.  Rather than present such evidence, he merely speculates that an expert would have supported his particular interpretation of the medical findings, which is far from clear.  Speculation about what an expert may say at trial is insufficient to show prejudice.  *See Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001) (*citing Grigsby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997)).

Accordingly, Petitioner's claim of ineffective assistance based upon counsel's failure to seek expert assistance will be denied.

(3)    Trial Counsel's Failure to Request a Unanimity Instruction

In his final claim, Petitioner alleges that his trial counsel was ineffective in failing to request an instruction that required the jury to distinguish between manual-genital contact and genital-genital contact and to agree unanimously on the same conduct to support the charge of lewd conduct.

**MEMORANDUM DECISION & ORDER - 11**

In rejecting this claim, the Idaho Court of Appeals first noted that a series of sexual contacts by different means--such as genital-genital touching and manual-genital touching--that occur during a single transaction may be charged in one count of lewd contact under Idaho Code § 18-1508. *State's Lodging F-7*, p.7 (*citing Miller v. State*, 16 P.3d 937, 942 (Idaho Ct. App. 2000)). As applicable to this case, the court found that the different types of sexual contact during the camping trip were different means of committing a single offense. *State's Lodging F-7*, pp. 7-8. Given this finding, the court concluded that Petitioner was not entitled to an instruction that required the jury to agree on the means by which he committed the crime and, as a consequence, that Petitioner's counsel was not deficient in failing to request such an instruction. *State's Lodging F-7*, p. 8.

The state court's initial determination that the sexual contact in this case amounted to different means of committing a single offense involves the interpretation of a state statute and the application of state law to the facts of this case. This Court cannot review questions of state law in a habeas proceeding. *See Estelle v. McGuire*, 502 U.S. 62 (1991). Once the state court determined that Petitioner committed a single offense, it was correct in concluding that there was no requirement under state or federal law that the jury be unanimous as to the particular method by which Petitioner committed the crime. *See Schad v. Arizona*, 501 U.S. 624 (1991) (no due process concerns in such a situation); *cf. Miller v. State*, 16 P.3d 937, 942 (Idaho Ct. App. 2000) (holding that a trial court is not required to give a unanimity instruction in an alternative means case, but it may be

**MEMORANDUM DECISION & ORDER - 12**

required to give one when the evidence reveals two or more separate criminal acts in support of a single criminal count). Therefore, this Court agrees that Petitioner's counsel could not have been constitutionally ineffective in failing to request an instruction that Petitioner was not entitled to receive.

Furthermore, even if trial counsel's performance was deficient, Petitioner has not shown prejudice. Petitioner admitted in oral and written statements to a law enforcement officer that he inserted his finger into his daughter's vagina, and he testified in a similar fashion at trial. The only element left for the jury to find was whether Petitioner engaged in this act with a sexual intent. *See* Idaho Code § 18-1508. Given that Petitioner's admitted conduct was, to say the least, unusual and inappropriate, and in light of E.D.'s testimony regarding Petitioner's sexual conversations with her and her testimony that Petitioner engaged in other sexual behavior during the trip, it is unlikely that the jury gave much credence to Petitioner's claim that the contact was not sexually motivated. As a result, this Court has little difficulty in concluding that had the jury been required to agree unanimously on the precise contact that supported the charge, it would have agreed on Petitioner's admission of digital penetration. Therefore, Petitioner has not carried his burden to show a reasonable probability of a different outcome. *See Strickland*, 466 U.S. at 694.

**MEMORANDUM DECISION & ORDER - 13**

## IV.

## CONCLUSION

Petitioner has not shown that the state court's resolution of his claims was contrary to or an unreasonable application of clearly established federal law, or that the state court's decision was based upon on unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d).  There are no genuine issues of material fact, and Respondent is entitled to judgment as a matter of law.  Accordingly, Petitioner's Motion for Summary Judgment, and the remaining claims in the Petition, shall be denied.

## V.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Judgment (Docket No. 48) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion for Summary Judgment (Docket No. 47) is DENIED.

IT IS FURTHER ORDERED that the remaining claims in the Second Amended Petition for Writ of Habeas Corpus are DENIED.



DATED:  **May 26, 2005**

Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM DECISION & ORDER - 14**